IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD ARTHUR, | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | NO. 02-2931 |
| | * | |
| vs. | * | |
| | * | |
| THE UNITED STATES OF AMERICA , | * | The Honorable |
| | * | Harvey Bartle, III |
| | * | |
| Defendant | * | |

* * * * * * * * * * * * * * * * * *

## THE UNITED STATES OF AMERICA'S
## MEMORANDUM IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS

The United States of America (the "United States") moves for the partial dismissal of the claims of plaintiff, Edward Arthur ("Plaintiff"), as a matter of law. As shown by the following, the statute of limitations has run on Plaintiff's cause of action arising out of his alleged injury of May 2, 2000.

## PROCEDURAL STATUS

Plaintiff originally filed suit (the "Original Complaint") on May 16, 2002 against Dyn Marine Services of Virginia, Inc., incorrectly identified as Dyn Corp Technical Services, Inc. ("Dyn Marine") and Maersk, Inc. ("Maersk") (Dyn Marine and Maersk collectively, the "Original Defendants"). A copy of the Original Complaint is attached as Exhibit "A".

The Original Complaint alleged that Plaintiff was injured in four separate incidents on four different United States Military Sealift Command ("USMSC") vessels. Three of the vessels, namely the USNS ASSERTIVE, USNS STALWART and USNS CAPABLE, were operated by Maersk on behalf of the USMSC. The fourth vessel, the USNS LITTLEHALES, was operated by Dyn Marine on behalf of the USMSC. Although all of the vessels identified by Plaintiff were government owned public vessels and were referred to by the designation "USNS" the abbreviation for United States Naval Ship, the Original Complaint did not name the United States as a defendant. This motion to dismiss relates exclusively to the claim asserted by Plaintiff against the USNS LITTLEHALES.

Plaintiff alleges that he was injured on May 2, 2000 while employed as a merchant seaman for Dyn Marine aboard the USNS LITTLEHALES (the "LITTLEHALES Claim"). (Plaintiff's Original Complaint, ¶ 16.) Specifically, Plaintiff claims he sustained personal injuries to his left knee when he stepped between two pieces of rubber deck matting and got his foot caught, causing his body to twist. (Plaintiff's Original Complaint, ¶ 16.) Plaintiff asserts a cause of action for maintenance and cure, as well as a claim for negligence under the Jones Act and for unseaworthiness under general maritime law. (Plaintiff's Original Complaint, ¶¶ 31, 39 and 42.)

The Original Defendants filed motions for summary judgment on the grounds that they were improper parties to the suit and that Plaintiff's exclusive remedy was an action against the United States. *See* 46 U.S.C. § 741, *et seq.* (the Suits in Admiralty Act, hereinafter referred to as the "SAA") and 46 U.S.C. § 781, *et seq.* (the Public Vessels

Act, hereinafter referred to as the "PVA"). On May 16, 2003, the Court granted the Original Defendants' motions for summary judgment and dismissed them from this action. In the interim, Plaintiff filed a motion to amend the Original Complaint, which was granted on May 6, 2003. Plaintiff's First Amended Complaint, which was filed on or about May 13, 2003 ("Amended Complaint"), added the United States as a party and alleges federal jurisdiction pursuant to the SAA and PVA. A copy of the Amended Complaint is attached as Exhibit "B". The Amended Complaint contains the identical factual allegations concerning Plaintiff's alleged injury on the USNS LITTLEHALES that appeared in the Original Complaint, including the allegation that the alleged injury occurred on May 2, 2000. (Plaintiff's Amended Complaint, ¶ 17.) The United States files this Rule 12(b)(6) motion, seeking the dismissal of the LITTLEHALES Claim on the basis that Plaintiff has failed to state a claim upon which relief can be granted.

## ARGUMENT AND LAW

Plaintiff's Amended Complaint asserts that the USNS LITTLEHALES is a public vessel and invokes jurisdiction over the United States based on the PVA and SAA. The SAA permits admiralty suits against the United States for causes of action arising out of the operation of vessels owned by, or operated for, the United States. *O'Connell v. Interocean Management Corp.*, 90 F.3d 82, 85 (3RD Cir. 1996). The SAA acts as a waiver of sovereign immunity of the United States in admiralty cases. *Id.* (*citing Manuel v. United States*, 50 F.3d 1253, 1255 (4th Cir. 1995).

As Plaintiff's Amended Complaint correctly acknowledges, the exclusive remedy of a person alleging that he or she was injured as a result of the acts or omissions of an

agent operating a vessel owned by the United States is a suit against the United States itself. See 46 U.S.C. § 745. Section 745 of the SAA provides, in pertinent part, as follows:

> . . . [W]here a remedy is provided by this chapter, it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim . . .

The SAA also provides that suit may be brought "only within *two years* after the cause of action arises . . . ." 46 U.S.C. § 745. (emphasis added). The two-year limitations period runs from the date of injury. *McMahon v. U.S.*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951); *Ammer v. U.S.*, 881 F.Supp. 1007, 1010 (D.Md. 1994); *Hahn v. U.S.*, 218 F.Supp. 562, 564 (E.D. Va. 1963).

"The two year time-bar of the SAA is unlike a time-bar period prescribed under an ordinary statute of limitations." *McMahon v. U.S.*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951). After the statutory period has elapsed under the SAA, the claim is not only unenforceable but it is "completely extinguished." *Id.* This is due to the fact that "when the sovereign, immune from suit, consented to be sued it made a condition of the right to sue that suits so authorized had to be brought within the time-bar period." *Id.* (*citing McMahon v. U.S.*, 342 U.S. 25; *Sgambati v. U.S.*, 172 F.2d 297, 298 (2nd Cir. 1949). The limitation period is jurisdictional and when raised as a defense deprives a district court of the ability to entertain the suit. *Gulf Refining Co. v. U.S.*, 69 F.R.D. 300, 302 (E.D. Tex. 1976) (*citing McMahon*, 342 U.S. 25.)

The LITTLEHALES Claim is based on an injury alleged to have occurred on May 2, 2000. However, Plaintiff's Original Complaint was not filed until May 16, 2002, over two years after the date of his injury.[1] Accordingly, at the time Plaintiff filed the Original Complaint, the two year statute of limitations on the LITTLEHALES Claim had run. Therefore, the LITTLEHALES Claim is barred as a matter of law.

**WHEREFORE**, the United States of America moves for the dismissal of the Plaintiff's claim as it pertains to his alleged injury aboard the USNS LITTLEHALES on May 2, 2000, as a matter of law and requests this Court enter the attached proposed Order.

    Respectfully submitted,

    PATRICK L. MEEHAN
    United States Attorney
    PETER F. FROST
    Senior Admiralty Counsel
    Civil Division, Torts Branch
    U.S. DEPARTMENT OF JUSTICE
    P.O. Box 14271
    Washington, D.C. 20044-4271

    Attorneys for the United States of America

---

[1] The Amended Complaint, which added the United States as a defendant, was filed on May 13, 2003. Although Plaintiff suggests that his newly asserted claim against the United States should relate back to the date of the filing of the Original Complaint, this argument will not resurrect the LITTLEHALES Claim since it was already "extinguished" when the Original Complaint was filed.

_____
MARC B. ZINGARINI
MICHAEL HOLLISTER
WEBER, GALLAGHER, SIMPSON,
 STAPLETON, FIRES & NEWBY LLP
The Belgravia Building
1811 Chestnut Street, Suite 600
Philadelphia, PA  19103
Telephone:  (215) 564-4597
Facsimile:   (215) 564-7699

Local Counsel to the United States of America


HENRY A. KING
(LA Bar No. 7393)
MICHAEL L. VINCENZO
(LA Bar No. 23965)
KING, LEBLANC & BLAND, P.L.L.C.
201 St. Charles Avenue, Suite 3800
New Orleans, LA  70170
Telephone:  (504) 582-3800
Facsimile:    (504) 582-1233

Of Counsel to the United States of America

S:\0264\048\PLEADINGS\MEMO SUPPORT RULE 12(B)(6) MOT DISMISS.DOC

## CERTIFICATE OF SERVICE

I, MICHAEL T. HOLLISTER, ESQUIRE, certify that on Tuesday, July 15, 2003, a copy of The United States of America's 12(b)(6) Motion to Dismiss and Memorandum in Support of Rule 12(b)(6) Motion to Dismiss has been forwarded by placing same in the United States mail, properly addressed and postage pre-paid to the following counsel of record:

Brian P. McCafferty, Esquire
PROVOST & UMPHREY, LLP
1617 JFK Boulevard
Suite 640
Philadelphia, PA 19103
*Counsel for Plaintiff*

Robert Deegan, Esquire
FOX ROTHSCHILD LLP
2000 Market Street
10th Floor
Philadelphia, PA 19103-3291
*Counsel for Maersk, Inc.*

_____
MICHAEL T. HOLLISTER

S:\0264\048\PLEADINGS\MEMO SUPPORT RULE 12(B)(6) MOT DISMISS.DOC