IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
EDWARD ARTHUR )
 )
    Plaintiff, )
 )
    v. )   Civil Action No. 02-CV-2931
 )
THE UNITED STATES OF AMERICA )
 )
    Defendant. )
_____)

**PLAINTIFF EDWARD ARTHUR'S MOTION FOR RECONSIDERATION
OF THE COURT'S AUGUST 12, 2003 MEMORANDUM OPINION AND ORDER**

    Plaintiff, through his undersigned attorneys, and pursuant to Local Rule of Civil Procedure 7.1(g), submits this Motion To Reconsider The Court's August 12, 2003 Memorandum Opinion and Order granting Defendant United States' Motion To Dismiss in part and in support of that Motion avers as follows:

    1.    In this matter, Plaintiff's Complaint asserts claims against Defendant United States for: (1) negligence; (2) unseaworthiness; and (3) failure to pay maintenance and cure. In adjudicating Defendant United States' Motion to Dismiss (Or Alternatively For Summary Judgment), this Court dismissed entirely Plaintiff's claims for negligence and unseaworthiness, and dismissed Plaintiff's maintenance and cure related claims for any time period prior to May 14, 2001. See, the Court's August 12, 2003 Order.

    2.    The core of the Court's ruling dismissing these claims as time-barred stems from the Court's conclusion that the two-year statute of limitations of the Suits in Admiralty Act, 46 U.S.C. § 741 et seq. is jurisdictional in nature, and thus at the

expiration of the two-year statute of limitations the Court lost subject matter jurisdiction over Plaintiff's claims.  See, the Court's August 12, 2003 Memorandum at pages 7-8. The Court's analysis reaching that conclusion is set forth as follows:

> Even assuming that plaintiff's failure to name the United States as a defendant at the time he filed his original complaint qualifies as a mistake under Rule 15(c)(3)(B), the amendment to his complaint cannot relate back to the initial filing date.  <u>The statute of limitations in the Suits in Admiralty Act is jurisdictional in nature, and thus its two-year limitations period  is a restriction upon the jurisdiction of the district court.</u>  States Marine Corp. of Del. v. United States, 283 F.2d 776, 779 (2d Cir. 1960).  Once the two years have elapsed, we have no power to hear any claim first asserted against the United States since, as the sovereign, it has not consented to be sued under such circumstances. [cites omitted].
>
> \*     \*     \*
>
> Arthur's amendment to his complaint in May, 2003 cannot breathe life into claims that were extinguished six months earlier when we lost subject matter jurisdiction.

See, the Court's August 12, 2003 Memorandum at pages 7-8. (Emphasis added).

    3.    Based on the above analysis, the Court did not reach the rest of the Rule 15 relation back analysis because the Court concluded that the Court had been deprived of subject matter jurisdiction over Plaintiff's claims by the expiration of the Suits In Admiralty Act's two-year statute of limitations.

    4.    Plaintiff now moves for reconsideration of the Court's August 12, 2003 Memorandum and Order because the Court's conclusion underpinning the decision to dismiss Plaintiff's claims is directly contrary to a 1990 United States Supreme Court decision in Irwin v. Department of Veteran's Affairs, 498 U.S. 89 (1990) and the decisions of several Circuit Courts, including at least one decision of the Third Circuit, in

applying the Irwin decision to later cases involving statutes of limitations that operated as waivers of federal sovereign immunity.[1]

5. Plaintiff has attached a Memorandum of Law to this Motion setting out in more detail the basis for seeking Reconsideration of the Court's August 12, 2003 rulings.

WHEREFORE, Plaintiff respectfully requests that the Court reconsider and vacate the August 12, 2003 Memorandum and Opinion, and enter the Proposed Order attached to this Motion.

        _____
        Brian P. McCafferty, Esq.
        Provost & Umphrey Law Firm, LLP
        1617 JFK Boulevard, Suite 640
        Philadelphia, Pennsylvania 19103
        (215) 569-8840
        (215) 569-9070 (fax)

        ATTORNEY FOR PLAINTIFF

Dated: August 21, 2003

---

[1] It cannot be said that Plaintiff did not raise this argument in the briefing prior to the Court's August 12, 2003 Memorandum and Order. Defendant specifically raised the issue of a jurisdictional bar based on the SAA statute of limitations in its motions to dismiss, and Plaintiff specifically addressed this argument at page 16 of his July 29, 2003 Memorandum Of Law opposing the Motion to Dismiss, citing to the Irwin case as establishing that this argument was based on an outdated understanding of the law.

## **CERTIFICATE OF SERVICE**

I,I, Brian P. McCafferty, Esq., hereby I, Brian P. McCafferty, Esq., hereby certI, Brian P. McC

MemorandumMemorandum Of Law In Support of Plaintiff s Motion For Reconsideration was served upor

the following counsel by first class mail on August 21, 2003:

        Mindee Reuben, Esquire
        Fox Rothschild O Brien & Frankel, LLP
        2000 Market Street, 10th Floor
        Philadelphia, PA 19103

        Michael T. Hollister, Esquire
        Weber Gallagher Simpson, et al.
        The Belgravia Building
        1811 Chestnut Street, Suite 600
        Philadelphia, PA 19103


        _____
        Brian P. McCafferty