**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————
EDWARD ARTHUR                )
                             )
    Plaintiff,           )
                             )
    v.                   )     Civil Action No. 02-CV-2931
                             )
THE UNITED STATES OF AMERICA )
                             )
    Defendant.           )
———————————————————)

**PLAINTIFF EDWARD ARTHUR S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION REQUESTING THE COURT TO RECONSIDER THE
AUGUST 12, 2003 MEMORANDUM OPINION AND ORDER**

Plaintiff, through his undersigned attorneys, and pursuant to Local Rule of Civil

Procedure 7.1(g), submits this Memorandum Of Law In Support Of Plaintiff Arthur s

Motion To Reconsider The Court s August 12, 2003 Memorandum Opinion and Order

granting Defendant United States Motion To Dismiss in part.

**I.     ARGUMENT**

Plaintiff s Complaint asserts claims against Defendant United States for: (1)

negligence; (2) unseaworthiness; and (3) failure to pay maintenance and cure.  In

adjudicating Defendant United States  Motion to Dismiss (Or Alternatively For Summary

Judgment), this Court dismissed entirely Plaintiff s claims for negligence and

unseaworthiness, and dismissed Plaintiff s maintenance and cure related claims for any

time period prior to May 14, 2001.  See, the Court s August 12, 2003 Order.  The core

of the Court s ruling dismissing these claims as time-barred stems from the Court s

conclusion that the two-year statute of limitations of the Suits in Admiralty Act, 46

U.S.C. § 741 et seq. is jurisdictional in nature, and thus at the expiration of the two-year

statute of limitations the Court lost subject matter jurisdiction over Plaintiff s claims.

See, the Court s August 12, 2003 Memorandum at pages 7-8.  The Court s analysis

reaching that conclusion is set forth as follows:

> Even assuming that plaintiff s failure to name the United
> States as a defendant at the time he filed his original
> complaint qualifies as a mistake under Rule 15(c)(3)(B), the
> amendment to his complaint cannot relate back to the initial
> filing date.  <u>The statute of limitations in the Suits in Admiralty
> Act is jurisdictional in nature, and thus its two-year limitations
> period  is a restriction upon the jurisdiction of the district
> court.</u>   States Marine Corp. of Del. v. United States, 283
> F.2d 776, 779 (2d Cir. 1960).  Once the two years have
> elapsed, we have no power to hear any claim first asserted
> against the United States since, as the sovereign, it has not
> consented to be sued under such circumstances. [cites
> omitted].
> *       *       *
> Arthur s amendment to his complaint in May, 2003 cannot
> breathe life into claims that were extinguished six months
> earlier when we lost subject matter jurisdiction.

See, the Court s August 12, 2003 Memorandum at pages 7-8. (Emphasis added).

Based on the above analysis, the Court did not reach the rest of the Rule 15  relation

back  analysis because the Court concluded that the Court had been deprived of

subject matter jurisdiction over Plaintiff s claims by the expiration of the Suits In

Admiralty Act s two-year statute of limitations.

Plaintiff does not file this Motion for Reconsideration lightly.  Nonetheless,

Plaintiff must move here for reconsideration because the Court s conclusion

underpinning the decision to dismiss Plaintiff s claims is directly contrary to a 1990

United States Supreme Court decision in <u>Irwin v. Department of Veteran s Affairs</u>, 498 U.S. 89 (1990) and the decisions of several Circuit Courts, including at least one decision of the Third Circuit, in applying the <u>Irwin</u> decision to later cases involving statutes of limitations that operated as waivers of federal sovereign immunity.[1]

Plaintiff concedes that prior to the Supreme Court s 1990 decision in <u>Irwin</u>, the Court s statement of the law was correct that a statute of limitations waiving federal sovereign immunity was viewed as a  jurisdictional  consideration.  Thus, prior to 1990 it was widely accepted that a statute of limitations in a federal statute which governed suits against the Government, such as the Suits In Admiralty Act, not only prescribed a time limit for filing suit, but additionally deprived a court of subject matter jurisdiction at the expiration of the time limitation.

With all due regard for this Honorable Court, Plaintiff respectfully suggests that the Supreme Court s 1990 decision in <u>Irwin</u>, as well as subsequent decisions of federal Circuit Courts applying <u>Irwin</u>, including the Third Circuit, have changed the law such that federal statutes of limitations waiving sovereign immunity are no longer considered to be  jurisdictional  in nature, and now they merely provide an affirmative defense which the United States has the burden of proving.

In <u>Irwin</u>, the Supreme Court decided to address the problem of inconsistent

---

[1] It cannot be said that Plaintiff did not raise this argument in the briefing prior to the Court s August 12, 2003 Memorandum and Order.  Defendant specifically raised the issue of a jurisdictional bar based on the SAA statute of limitations in its motions to dismiss, and Plaintiff specifically addressed this argument at page 16 of his July 29, 2003 Memorandum Of Law opposing the Motion to Dismiss, citing to the <u>Irwin</u> case as establishing that this argument was based on an  outdated understanding of the law.

rulings on the issue of whether equitable tolling considerations could be raised in a suit against the United States involving a statute of limitations:   We think this case affords us an opportunity to adopt a more general rule to govern the applicability of equitable tolling in suits against the Government.  Irwin, 498 U.S. at 95.  The Irwin Court concluded that the same considerations of equitable tolling applicable to suits against private Defendants should also apply to suits against the United States.  Id., at 95-96.

The importance of Irwin went beyond merely applying equitable tolling to cases filed against the United States government.  As explained by the Eighth Circuit in Schmidt v. United States of America, 933 F. 2d 639 (8th Cir. 1991), the Supreme Court decision in Irwin essentially overruled prior cases holding that there was a  jurisdictional   nature of federal statutes of limitations waiving sovereign immunity:

> Following our decision affirming the district court, the Supreme Court decided Irwin v. Department of Veteran Affairs, 498 U.S. 89, 112 L.Ed.2d 435, 111 S.Ct. 453 (1990). Irwin held that statutes of limitations in suits against the government are subject to equitable tolling.  112 L.Ed.2d at 444.  Necessary to this expressed holding is an implied holding that strict compliance with the statute of limitations is not a jurisdictional prerequisite to suing the government.  If the statute of limitations were jurisdictional, the court would have no power to consider tolling it.  Prior to Irwin, the circuits divided over the question whether statutes of limitations on suits against the government were absolute jurisdictional limits.  Compare, e.g. Powers v. United States, 390 F.2d 602, 604 (9th Cir. 1968) with Milam v. United States Postal Service, 674 F.2d 860 (11th Cir. 1982).  The Supreme Court in Irwin stated that it  granted certiorari . . . to resolve the Circuit conflict over whether late-filed claims are jurisdictionally barred.   112 L.Ed.2d at 441.

Schmidt, 933 F.2d at 640.  The Sixth Circuit thus concluded that the Federal Tort Claims Act s statute of limitations was not a jurisdictional consideration.  Id.

-4-

The Ninth Circuit reached the same conclusion in <u>Fadem v. United States of America</u>, 52 F.3d 202 (9th Cir. 1995)[2].  In <u>Fadem</u>, the Ninth Circuit declared that <u>Irwin</u> had held that  federal statutory time limitations on suits against the government are <u>not</u> jurisdictional in nature.   <u>Fadem</u>, 52 F.3d at 206. (Emphasis in original).  Based on this conclusion, the Ninth Circuit rejected the Government s argument and held that the <u>Quiet Title Act</u>, 28 U.S.C. § 2409(a) statute of limitations was not jurisdictional in nature and was subject to equitable tolling.

Likewise in 2001, the Third Circuit s decision in <u>Hughes v. United States of America</u>, 263 F.3d 272 (3d. Cir. 2001) made clear the Third Circuit agrees with the view that federal statutes of limitations waiving federal sovereign immunity are no longer jurisdictional in nature because of the <u>Irwin</u> decision.   In <u>Hughes</u>, the defendant United States asserted that the district court lacked subject matter jurisdiction over the plaintiff s claim because the Federal Tort Claims Act s (FTCA) two-year statute of limitations (28 U.S.C. § 2401(b)) had expired.  The district court agreed and dismissed plaintiff s FTCA claim for lack of subject matter jurisdiction.  <u>Hughes</u>, 263 F.3d at 273.

On appeal in <u>Hughes</u>, the Third Circuit vacated the district court s decision, in part because the Third Circuit concluded that the district court erred when dismissing the action on jurisdictional grounds.  The Third Circuit concluded in <u>Hughes</u> as follows:

---

[2]  Plaintiff notes that this <u>Fadem</u> opinion was vacated by the Supreme Court in <u>United States v. Fadem</u>, 520 U.S. 1101 (1997) and remanded to the Ninth Circuit for reconsideration in light of the Supreme Court s decision in <u>United States v. Brockamp</u>, 519 U.S. 347 (1997).  This opinion, however, was subsequently reinstated by the Ninth Circuit after the court determined that <u>Brockamp</u> did not affect the Ninth Circuit s prior decision.  <u>Fadem v. United States</u>, 113 F.3d 167 (9th Cir. 1997).

> In conclusion, the same rebuttable presumption of equitable tolling applies to suits against the United States. <u>Irwin v. Department of Veteran s Affairs</u>, 498 U.S. 89, 95-96, 111 S. Ct. 453, 112 L.Ed. 2d 435 (1990). <u>Thus, the FTCA s statute of limitation is not jurisdictional.</u>  Failure to comply with the statute is  an affirmative defense which the defendant has the burden of establishing.  See Fed. R. Civ. P. 8(c).

<u>Hughes</u>, 263 F.3d at 278.  (Emphasis added).

Other Circuits have also reached the same conclusion that the Supreme Court s decision in <u>Irwin</u> eliminated  jurisdictional  considerations in applying a statute of limitations that waived federal sovereign immunity.  <u>See</u> <u>e.g.</u>, <u>Nunnally v. Maccausland</u>, 996 F.2d 1 (1st Cir. 1993)(held that earlier decision (<u>King</u>) holding that Civil Service Reform Act statute of limitations was  jurisdictional  was overruled by <u>Irwin</u>); <u>Perez v. United States of America</u>, 167 F.3d 913 (5th Cir. 1999) ( <u>Irwin</u>, a Title VII case, undid the old rule that equitable tolling was never available against the government, and thus placed the jurisdictional nature of the [Federal Tort Claims Act] statute of limitations into doubt. ); and <u>Glarner v. United States of America</u>, 30 F.3d 697 (6th Cir. 1994)(following the Eighth Circuit s decision in <u>Schmidt</u>).  These circuit court decisions further clarify that the notion that statutes of limitations waiving federal sovereign immunity are jurisdictional in nature has been explicitly or effectively overruled by the Supreme Court s decision in <u>Irwin</u>.

The Court s conclusion in the August 12, 2003 Memorandum that the Suits in Admiralty Act s statute of limitations is jurisdictional in nature and deprives this Court of subject matter jurisdiction is clearly in error in light of the Supreme Court s decision in <u>Irwin</u>, the Third Circuit s decision in <u>Hughes</u>, and to a lesser degree, the decisions of

other Circuit Courts interpreting <u>Irwin</u>, particularly <u>Schmidt</u> and <u>Fadem</u>.[3]

Accordingly, based on the above cited cases, this Court should reconsider the August 12, 2003 Memorandum and Order and conclude that: (1) the SAA s statute of limitations is <u>not</u> a jurisdictional consideration; (2) this Court maintained and continues to maintain subject matter jurisdiction over all of Plaintiff s claims; and (3) that Plaintiff s First Amended Complaint can in fact  relate back  to the time of the filing of Plaintiff s Original Complaint on May 16, 2002, such that only claims accruing prior to May 17, 2000 are time-barred under the SAA.

## II.    CONCLUSION

Based on the foregoing discussion, Plaintiff Arthur respectfully requests that the Court reconsider and vacate the August 12, 2003 Memorandum and Order and enter the attached Proposed Order.

_____
Brian P. McCafferty, Esq.
Provost & Umphrey Law Firm, LLP
1617 JFK Boulevard, Suite 640
Philadelphia, Pennsylvania 19103
(215) 569-8840
(215) 569-9070 (fax)

ATTORNEY FOR PLAINTIFF

Dated: August 21, 2003

_____

[3] Obviously, the decisions of other federal Circuit Courts are only persuasive authority and are not binding decisions upon this Court.

## CERTIFICATE OF SERVICE

I,I, Brian P. McCafferty, Esq., hereby I, Brian P. McCafferty, Esq., hereby certI, Brian P. McC

MemorandumMemorandum Of Law In Support of Plaintiff s Motion For Reconsideration was served upon

the following counsel by first class mail on August 21, 2003:

> Mindee Reuben, Esquire
> Fox Rothschild O Brien & Frankel, LLP
> 2000 Market Street, 10th Floor
> Philadelphia, PA 19103
>
> Michael T. Hollister, Esquire
> Weber Gallagher Simpson, et al.
> The Belgravia Building
> 1811 Chestnut Street, Suite 600
> Philadelphia, PA 19103

_____
Brian P. McCafferty