# NITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ARTHUR,<br><br>         Plaintiff,<br><br>  vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>         Defendant. | CIVIL ACTION 02-CV-2931 |

**O R D E R**

AND NOW, upon consideration of the United States' Motion for Reconsideration of Paragraph (4) of its August 12, 2003 Order relating to venue, it is hereby ORDERED and DECREED that said Motion is **GRANTED**. Plaintiff's First Amended Complaint against the United States is **DISMISSED WITH PREJUDICE**.

                **BY THE COURT:**

                _____
                Harvey Bartle, III, J.

PH1 531087v1 08/22/03

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ARTHUR,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>                    Defendant. | CIVIL ACTION 02-CV-2931 |

**DEFENDANT, THE UNITED STATES'
MOTION FOR RECONSIDERATION OF PARAGRAPH (4)
OF THE AUGUST 12, 2003 ORDER RELATING TO IMPROPER VENUE**

Defendant, the United States of America, by and through its attorneys, Fox Rothschild LLP, files the within Motion for Reconsideration of Paragraph (4) of the August 12, 2003 Order relating to venue. In support of its opposition, the United States incorporates its attached Memorandum of Law and Exhibits as if fully set forth at length herein.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


PETER F. FROST
Senior Admiralty Counsel
U.S. Dept. of Justice
Civil Division, Torts Branch
P.O. Box 14271
Washington, D.C. 20044-4271

PH1 531087v1 08/22/03

|  |  |
|---|---|
|  | FOX ROTHSCHILD LLP<br>A. Robert Degen, Esq./I.D. #19336<br>Mindee J. Reuben, Esq./I.D. #75308<br>2000 Market Street, 10th Floor<br>Philadelphia, PA 19103<br>(215) 299 – 2000 |
| Date:  August 22, 2003 | Attorneys for Defendant,<br>The United States of America |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ARTHUR,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION 02-CV-2931 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, THE UNITED STATES'
MOTION FOR RECONSIDERATION OF PARAGRAPH (4)
OF THE AUGUST 12, 2003 ORDER RELATING TO IMPROPER VENUE**

Defendant, the United States of America, by and through its attorneys, Fox Rothschild LLP, files the within Memorandum of Law in Support of its Motion for Reconsideration of Paragraph (4) of the August 12, 2003 Order relating to venue and avers as follows:

**I.     INTRODUCTION**

In the Memorandum and Order of August 12, 2003, and in interpreting a portion of 42 U.S.C. App. § 782 relating to venue, the Court concluded that the "[t]he United States certainly has an office for the transaction of business in the Eastern District of Pennsylvania" and denied the United States' Motion to Dismiss the First Amended Complaint based on improper venue. Based upon the explicit language of the Public Vessels Act, 46 U.S.C. app. § 782, which premises venue in this case upon the residence of the plaintiff, and Hoiness v. United States, 335 U.S. 297 (1948), wherein the Supreme Court held that "[t]he concepts of residence and principal place of business [in Section

PH1 531087v1 08/22/03

782] obviously can have no relevance when applied to the United States . . . [as it] is ubiquitous throughout the land," id. at 302, the United States respectfully requests that the Court reconsider its denial of the United States motion to dismiss based on venue and either dismiss the First Amended Complaint with prejudice or transfer this matter to an appropriate venue.

## II.    BACKGROUND

### A.    Procedural History

This maritime lawsuit, brought pursuant to the Suits in Admiralty Act, 46 U.S.C. App. § 782, was initially commenced by Edward Arthur ("Arthur") against Maersk, Inc. d/b/a Maersk Line Ltd. ("Maersk") and Dyn-Marine Services ("Dyn Marine") on May 16, 2002, in this District Court. Both Maersk and Dyn-Marine were dismissed from this litigation on May 16, 2003.

On May 13, 2003, the United States was named as a defendant in this litigation. Subsequently, the United States filed motions to dismiss Arthur's First Amended Complaint ("FAC") based on the statute of limitations and improper venue. On August 12, 2003, this Court ruled upon the motions to dismiss as evidenced by the Memorandum and Order attached hereto as Exhibit "A". In short, the Court dismissed all of the claims in the FAC against the United States except for a claim for cure and maintenance. The surviving cure and maintenance claim relates to an injury allegedly sustained by Arthur in December 2000 while aboard the USNS ASSERTIVE. The Court rejected the United States' request that case be dismissed due to improper venue.

2

B.    **Essential Facts**

In his FAC, Arthur states that he is a resident of Dublin, Georgia. See FAC at ¶ 2. As evidenced by the attached legend for Georgia, which was downloaded from the website for the United States District Court, Southern District of Georgia, Dublin is located in the Southern District of Georgia in the United States District Court system. See Exhibit "B", URL http://www.gas.uscourts.gov/ga_county.pdf.

As evidenced by the attached affidavit, on May 16, 2002, the date on which this litigation was commenced against Maersk and Dyn-Marine, the USNS ASSERTIVE was outside the territorial waters of the United States performing a mission near Yokohama, Japan. See Exhibit "C", Affidavit of James Beliveau, Project Officer, SMS Program, Military Sealift Command. On May 13, 2003, the date on which the United States was named a party in this litigation, the USNS ASSERTIVE was outside the territorial waters of the United States performing a mission near Yokohama, Japan. The ship departed the Yokohama area on June 11, 2003, and headed to Pearl Harbor, Hawaii, where it arrived on June 25, 2003. Id. The U.S.N.S. ASSERTIVE has remained in Pearl Harbor since June 25, 2003, where she is in the process of being decommissioned. Id.

Herein, the United States respectfully requests that this Court reconsider its ruling on the venue issue, and either dismiss Arthur's FAC or transfer this matter to the appropriate venue.

III.    **ARGUMENT**

In cases brought under the Suits in Admiralty Act, such as the instant matter, venue is governed by 46 U.S.C. App. § 782. The relevant portion of Section 782 provides:

3

PH1 531087v1 08/22/03

> Such suit shall be brought in the district court of the United States for the district in which the vessel or cargo charged with creating the liability is found within the United States, or if such vessel or cargo be outside the territorial waters of the United States, then in the district court of the United States for the district in which the parties so suing, or any of them, reside or have an office for the transaction of business in the United States . . . .

46 U.S.C. App. § 782. The term "found" is defined as of the date of filing. See Asociacion de Pescadores de Vieques, Inc. v. United States, 497 F. Supp. 54 (D. P.R. 1979) ("the present action was filed in the wrong forum, because pursuant to Section 782 . . . it had to be brought in the district court of the United States for the District of Virginia in which the vessels charged with creating the liability were found at the time of the filing of the libel").

Herein, the USNS ASSERTIVE was not "found" within the United States on either May 16, 2002, when the litigation was originally commenced, or May 13, 2003, when the United States was joined as a party. The affidavits indicate that the USNS ASSERTIVE was in the vicinity of Yokohama Japan, on May 16, 2002 and May 13, 2003. See Exhibit "C". Thus, the only outstanding issue is whether the Eastern District of Pennsylvania is where "the parties so suing, or any of them, reside or have an office for the transaction of business in the United States" pursuant to Section 782.

In the Memorandum and Order of August 12, 2003, and in interpreting Section 782, the Court concluded that the "[t]he United States certainly has an office for the transaction of business in the Eastern District of Pennsylvania." This conclusion directly conflicts with the Supreme Court's interpretation of Section 782 in Hoiness v. United States, 335 U.S. 297 (1948):

> Congress, by describing the district where the suit was to be brought, was not investing the federal courts 'with a

4

> general jurisdiction expressed in terms applicable alike to all of them' . . . . It was dealing with the convenience of the parties in suing or being sued at the designated places. The purpose of the Act was to grant seamen relief against the United States in its own courts. ***The concepts of residence and principal place of business obviously can have no relevance when applied to the United States. It is ubiquitous through the land and, unlike private parties, is not centered at one particular place.***

Id. at 302 (citations omitted, emphasis added).

Indeed, the plain language of the Section 782 necessitates the same conclusion reached by the Supreme Court: "the parties so suing" refers to the parties actually bringing the lawsuit, and "or any of them" refers to any one of the parties bringing the lawsuit. The United States did not bring this lawsuit. See 46 U.S.C. App. § 782.

Based on the foregoing, the only proper place for Arthur to bring suit is the District Court emcompassing his place of residence (Dublin, Georgia), i.e., the Southern District of Georgia. Thus, the United States respectfully requests that this Court reconsider its August 12, 2003 Order as it relates to venue, and either dismiss the FAC with prejudice or transfer venue of this matter to the Southern District of Georgia.

    Respectfully submitted,

    PATRICK L. MEEHAN
    United States Attorney

    PETER F. FROST
    Senior Admiralty Counsel
    U.S. Dept. of Justice
    Civil Division, Torts Branch
    P.O. Box 14271
    Washington, D.C. 20044-4271

 

|  |  |
|---|---|
|  | _____ |
|  | FOX ROTHSCHILD LLP |
|  | A. Robert Degen, Esq./I.D. #19336 |
|  | Mindee J. Reuben, Esq./I.D. #75308 |
|  | 2000 Market Street, 10th Floor |
|  | Philadelphia, PA 19103 |
|  | (215) 299 – 2000 |
|  |  |
|  | Attorneys for Defendant, |
| Date:  August 22, 2003 | The United States of America |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ARTHUR,<br><br>          Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>          Defendant. | CIVIL ACTION 02-CV-2931 |

## CERTIFICATE OF SERVICE

  I, Mindee J. Reuben, Esquire, attorney for defendant, the United States of America, hereby certifies that a true and correct copy of the foregoing Motion for Reconsideration was served upon counsel of record on August 22, 2003, via Federal Express as follows:

Brian P. McCafferty, Esquire
Provost Umphrey Law Firm LLP
1617 JFK Boulevard, Suite 640
Philadelphia, PA 19103

Michael L. Vincenzo, Esquire
King, LeBlanc, & Bland P.L.L.C.
201 St. Charles Avenue, Suite 3800
New Orleans, LA  71070

Michael Hollister, Esquire
Weber Gallagher Simpson Stapleton
 Fires & Newby, LLP
The Belgravia Building
1811 Chestnut Street, Suite 600
Philadelphia, PA 19103

Date:_____    By: _____
                  Mindee J. Reuben, Esquire