UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ARTHUR,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | CIVIL ACTION 02-CV-2931 |

## O R D E R

AND NOW, this ____ day of _____, 2003, upon consideration of Plaintiff's Motion for Reconsideration of the Court's September 15, 2003 Memorandum and Order and Defendant United States' Opposition thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion for Reconsideration is DENIED.

BY THE COURT:

_____
Harvey Bartle, III, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD ARTHUR,

               Plaintiff,

v.

THE UNITED STATES OF AMERICA,

               Defendant.

CIVIL ACTION 02-CV-2931

**OPPOSITION OF DEFENDANT, THE UNITED STATES OF AMERICA,
TO THE MOTION OF PLAINTIFF, EDWARD ARTHUR,
FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 15, 2003 ORDER**

Defendant, the United States of America, by and through its undersigned counsel, files the within Opposition to the Motion for Reconsideration filed by Plaintiff, Edward Arthur, regarding the Court's September 15, 2003 Order and seeks denial of said Motion. The United States incorporates by reference as if more fully set forth at length herein the attached Memorandum of Law.

                                      Respectfully submitted,

                                      PATRICK L. MEEHAN
                                      United States Attorney

                                      PETER F. FROST
                                      Senior Admiralty Counsel
                                      U.S. Dept. of Justice
                                      Civil Division, Torts Branch
                                      P.O. Box 14271
                                      Washington, D.C. 20044-4271

PH1 544217v1 10/14/03

                              FOX ROTHSCHILD LLP
                              A. Robert Degen, Esq./I.D. #19336
                              Mindee J. Reuben, Esq./I.D. #75308
                              2000 Market Street, 10th Floor
                              Philadelphia, PA 19103
                              (215) 299-2000

                              Attorneys for Defendant,
                              The United States of America

Date: October14, 2003

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ARTHUR,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | CIVIL ACTION 02-CV-2931 |

**MEMORANDUM OF LAW OF DEFENDANT, UNITED STATES OF AMERICA, IN OPPOSITION TO THE MOTION OF PLAINTIFF, EDWARD ARTHUR, FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 15, 2003 ORDER**

Arthur bases for reconsideration are invalid.

**A.　The Basis Of The Court's Decision Is Clear. Previously Considered And Rejected**

Although Arthur feigns confusion, the Court's Memorandum is quite clear: "[W]e will *assume* that plaintiff's failure to sue the United States at the outset was an excusable factual or legal mistake and that all the requirements under Rule 15(c) have been met." September 15, 2003 Memorandum at 9 (emphasis added). Notwithstanding this assumption, the Court held that Arthur would not be allowed to proceed on all of his claims against the United States because he was so dilatory in filing his amendment. See Fed. R. Civ. P. 15(a); September 15, 2003 Memorandum at 12-13.

B. **Arthur Fails To Satisfy The Requirements Of Federal Rule Of Civil Procedure 15(c)(3).**

To the extent that Arthur insists on revisiting this issue in his most recent effort to avoid the demise of some of his claims, the United States incorporates the arguments previously presented in its Motion to Dismiss.

C. **Arthur's Claims of Withholding Evidence Are Directed To Defendants Who Are No Longer Party To This Litigation And Have Already Been Rejected By This Court.**

Arthur carps that the "defendants" withheld evidence from him and, therefore, he was not dilatory in pursuing his rights. However, as the Court indicated in its September 15, 2003 Memorandum:

> At the status conference, as counsel for plaintiff concedes, counsel for Maersk and Dyn clearly made known their views that the United States, not their clients, was the proper defendant. By this time at the very latest, plaintiff's counsel clearly had in hand the necessary facts and sufficient coaching in the law so as to alert him to the responsibility of the United States for plaintiff's injuries. At this point it was also at least a month and a half before the statute of limitations was to expire.

September 15, 2003 Memorandum at 10-11. Thus, even if the defendants had withheld evidence, which is denied, the Court concluded that Arthur knew or should have known as of the status conference of that the proper defendant was the United States.

In any event, the "defendants" about which Arthur complains are no longer in the case, and the United States was not involved in this litigation until May 2003.

2

### D. Granting Arthur Permission To Amend A Complaint To Add A Party Is Different From Allowing Arthur To Proceed On Any And All Theories Of Liability Against The United States.

Arthur contends that, in essence, because the Court permitted him to add the United States of America as a defendant, the Court gave its blessing to Arthur in proceeding on any and all theories of liability against the United States. This is incorrect. When the Court granted Arthur authority to add the United States, it did not otherwise specify the parameters of the amendment. The Court had the authority and the ability to determine which claims, once pleaded by Arthur and objected to by the United States, should be permitted to stand. This is precisely what the Court did pursuant to its authority under Federal Rule of Civil Procedure 15.

Arthur also complains that the Court's dismissal of several of his claims is inappropriate because (1) the United States never objected to the Order granting Arthur leave to amend and (2) the United States never petitioned to intervene. These arguments have no merit.

First, there is no authority for the proposition that the United States had to object to the Court's Order granting leave to amend. In the absence of any such obligation, the asserted "failure" to object cannot be held against the United States. Arthur also forgets that the United States was not in a position to object to the proposed amendment before the Court granted it – the United States was not even a party to the case! As for after the leave was granted, the United States filed a motion to dismiss, a procedural device that challenged the substantive legal basis of Arthur's amendment and was perfectly appropriate under the circumstances.

Second, the United States was not required to intervene, nor would intervention have been in its best interests. A party is only required to intervene:

> (1) when a statute of the United States confers an unconditional right to intervene or (2) when the applicant claims an interest relating to or transaction which is the subject of the action and the applicant was so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . . .

Fed. R. Civ. P. 24. Neither of these requirements are applicable to this situation.

The remainder of Rule 24 circumscribes when a party "may" intervene. Again, as above, if intervention is optional, then a party cannot be criticized for failing to exercise it. Indeed, why would the United States have petitioned to intervene if it was only going to be named as a potentially liable defendant in the litigation?

### E. Fox Rothschild Did Not Represent The United States of America Until It Was Joined In This Litigation.

Arthur makes the bald and bold legal statement that Fox Rothschild represented the United States of America in this litigation while the claims against Maersk and Dyn Marine were pending. In support of that allegation, Arthur attaches a copy of the contract between Maersk and the United States. However, the portion of the contract which he cites provides no basis for his conclusion that Fox Rothschild was representing the United States while Maersk was involved in this litigation. Even if the contract between Maersk and the United States had language to support Arthur's proposal, there can be no attorney-client relationship until the attorney and client agree on the relationship.

The simple truth is this: Fox Rothschild did not represent the United States until the United States was served in this litigation. Affidavit of Mindee J. Reuben, attached hereto. The fact that Maersk may have had contractual relationship to protect the

4

interests of the United States is an issue separate and apart from whether, and when, Fox Rothschild represented the United States. Arthur's argument on this point is wholly off base.

WHEREFORE, the United States respectfully requests denial of Arthur's Motion for Reconsideration.

Respectfully submitted,

_____
PATRICK L. MEEHAN
United States Attorney

PETER F. FROST
Senior Admiralty Counsel
U.S. Dept. of Justice
Civil Division, Torts Branch
P.O. Box 14271
Washington, D.C. 20044-4271


FOX ROTHSCHILD LLP
A. Robert Degen, Esq./I.D. #19336
Mindee J. Reuben, Esq./I.D. #75308
2000 Market Street, 10th Floor
Philadelphia, PA 19103
(215) 299-2000

Attorneys for Defendant,
The United States of America

Date: October 14, 2003

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ARTHUR,<br><br>　　　　　　　　　　　Plaintiff,<br><br>Vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | CIVIL ACTION 02-CV-2931 |

**CERTIFICATE OF SERVICE**

　　I, Mindee J. Reuben, Esquire, attorney for defendant, the United States of America, hereby certifies that a true and correct copy of the foregoing Defendant, The United States' Opposition To Plaintiff's Arthur's Motion For Reconsideration/ Clarification Of The Court's September 15, 2003 Memorandum Opinion And Order was served upon counsel of record on October 14, 2003, via Federal Express as follows:

Brian P. McCafferty, Esquire
Provost Umphrey Law Firm LLP
1617 JFK Boulevard, Suite 640
Philadelphia, PA 19103

Michael L. Vincenzo, Esquire
King, LeBlanc, & Bland P.L.L.C.
201 St. Charles Avenue, Suite 3800
New Orleans, LA 71070

Michael Hollister, Esquire
Weber Gallagher Simpson Stapleton
　Fires & Newby, LLP
The Belgravia Building
1811 Chestnut Street, Suite 600
Philadelphia, PA 19103

Date: October 14, 2003　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　Mindee J. Reuben, Esquire

PH1 544217v1 10/14/03

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ARTHUR,<br><br>Plaintiff,<br><br>Vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION 02-CV-2931 |

### AFFIDAVIT OF MINDEE J. REUBEN

I, Mindee J. Reuben, Esquire, hereby swear and affirm:

1. I am an attorney at Fox Rothschild LLP.

2. Fox Rothschild LLP represented Maersk Line Ltd. in the above-captioned litigation.

3. After Maersk Line Ltd. was dismissed, and after the United States was served, Fox Rothschild LLP became counsel for the United States in this litigation.

_____
Mindee J. Reuben

October 14, 2003

PH1 544217v1 10/14/03