UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ARTHUR : | |
|    Plaintiff, : | |
| v. : | CIVIL ACTION NO. 02-CV-2931 |
| UNITED STATES : | |
|    Defendant. : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT UNITED STATES' MOTION FOR TRANSFER OF VENUE**

Plaintiff Edward Arthur, by and through his undersigned counsel, hereby submits the following Memorandum of Law in Opposition to Defendant United States' May 10, 2006 Motion For Transfer.

I. INTRODUCTION

Despite raising this venue issue on at least two different occasions without success, and then failing to appeal the issue to the Third Circuit, Defendant United States again requests that this Court transfer venue of this case to the United States District Court for the Southern District of Georgia. This Court should continue to reject Defendant's untimely and belated efforts to raise venue issues that should have been properly addressed more than three years ago before this Court, as well as during the recent Third Circuit appeal.

II. FACTS AND PROCEDURAL HISTORY

Defendant United States was named as Defendant in this matter on May 13, 2003. Shortly thereafter, Defendant United States filed a motion to dismiss with this

-1-

Court which raised several issues, including whether venue was proper in the Eastern District of Pennsylvania. On August 12, 2003, this Court issued an opinion and Order denying the United States' motion as it pertained to improper venue. (See, Exhibit "A" attached to Defendant's Motion). Specifically, this Court ruled that Defendant United States had failed to prove certain facts necessary to establish improper venue, particularly the location of the ship USNS ASSERTIVE on May 13, 2003, the date when the United States was added as a Defendant in the case. (See, Exhibit "A" attached to Defendant's Motion at p. 13).

Thereafter, Defendant United States moved for reconsideration of the Court's ruling to deny the motion to dismiss for improper venue. On September 15, 2003, this Court again denied Defendant's motion and ruled that Defendant failed to provide the Court in a timely fashion with the facts necessary to establish improper venue. (See, Exhibit "B" attached to Defendant's Motion at p. 18).

Thereafter, Plaintiff Arthur filed an appeal with the Third Circuit raising certain legal issues that were addressed in the Court's August 12, 2003 and September 15, 2003 decision. Defendant United States had the opportunity to raise these venue issues on appeal by failing a cross-appeal with the Third Circuit, but the United States failed or refused to raise these venue issues on appeal.

Now, Defendant United States, despite waiving the venue issue by failing to appeal to the Third Circuit, again attempts to raise the issue of venue before this Court by filing the Motion For Transfer that is pending before this Court. For the reasons set forth below, this Court should deny Defendant's motion in all respects.

III. **ARGUMENT**

A. **This Motion Is Essentially A Second Motion For Reconsideration Of The Court's Prior Ruling.**

Although Defendant United States has titled the instant motion as a "Motion For Transfer", this Court should view the motion for what it really is, which is a <u>second</u> motion to reconsider a ruling that this Court made almost three years ago. This Court has already resolved this issue twice before and ruled both times that Defendant United States did not provide, in a timely fashion, evidence that would have supported an argument that venue was improper in the Eastern District of Pennsylvania. Certainly there is no reason why Defendant United States, three years later, should be permitted to succeed on the very same issue that it failed twice on in 2003. Defendant United States has provided no new evidence or arguments. Instead, it merely rehashes the same facts and arguments this Court rejected twice back in 2003. Accordingly, this Court should again reject Defendant United States' attempt to reargue the venue issue.

B. **Defendant United States Waived Any Argument Pertaining To Venue By Failing To Raise The Issue On Appeal To The Third Circuit.**

In addition to the fact that this Court has already twice rejected Defendant United States' venue challenges, this Court should also consider the issue permanently waived by the United States because they had the opportunity to raise this precise issue with the United States Court of Appeals for the Third Circuit and they failed to do so. Plaintiff Arthur appealed both the August 12, 2003 and September 15, 2003 decisions in which this Court ruled on Defendant's venue challenges. If Defendant United States sought to challenge those rulings, they should have filed a cross-appeal with the Third

Circuit and argued that this Court erred in refusing to dismiss or transfer on the basis of venue. Defendant United States instead failed to or chose not to raise that issue on appeal to the Third Circuit. (See, excerpt from Defendant/Appellee's May 9, 2005 Third Circuit brief attached hereto as **Plaintiff's Exhibit "1"**). Accordingly, the issue of improper venue has been forever waived by the Defendant. See, Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d. Cir. 1993)(all issues must be raised on appeal in the opening brief of an appellant or they are waived).

## III.  CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant Motion For Transfer in its entirety and enter the attached Proposed Order.

Respectfully submitted,

_____
Brian P. McCafferty, Esq.
Provost & Umphrey Law Firm, LLP
1617 JFK Boulevard, Suite 640
Philadelphia, Pennsylvania 19103
(215) 569-8840
(215) 569-9070 (facsimile)

**ATTORNEY FOR PLAINTIFF ARTHUR**

Dated: June 2, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ARTHUR | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 02-CV-2931 |
| THE UNITED STATES OF AMERICA | : |
| **Defendant** | : |

## O R D E R

AND NOW, this ____ day of _____, 2006, upon consideration of Defendant United States' May 10, 2006 Motion For Transfer, and Plaintiff's Opposition thereto, IT IS HEREBY ORDERED that Defendant's Motion is DENIED in all respects.

BY THE COURT:

_____
J.

## CERTIFICATE OF SERVICE

I, Brian P. McCafferty, Esq., hereby certify that a copy of the foregoing Plaintiff's Opposition to Defendant United States' Motion For Transfer was served upon the following counsel by first class mail on June 2, 2006:

>A. Robert Degen, Esquire
>Fox Rothschild, LLP
>2000 Market Street, 10th Floor
>Philadelphia, PA 19103-3291

_____
Brian P. McCafferty

# EXHIBIT 1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. III

SUBJECT MATTER & APPELLATE JURISDICTION ......................................... 1

STANDARD OF REVIEW .................................................................................... 2

STATEMENT OF ISSUE PRESENTED FOR REVIEW ....................................... 3

STATEMENT OF RELATED CASES AND PROCEEDINGS ............................. 5

STATEMENT OF THE CASE ............................................................................... 6

STATEMENT OF FACTS ..................................................................................... 8

THE U.S.N.S. ASSERTIVE ................................................................................... 8

CASE STATUS CONFERENCE ........................................................................... 9

MOTION FOR SUMMARY JUDGMENT .......................................................... 10

MOTION TO AMEND ARTHUR'S ORIGINAL COMPLAINT ......................... 11

MOTION FOR RECONSIDERATION ................................................................ 11

SUMMARY OF ARGUMENT ............................................................................ 13

ARGUMENT ........................................................................................................ 15

I.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DECLINED TO ALLOW ARTHUR'S AMENDED COMPLAINT TO "RELATE BACK" TO THE DATE OF FILING OF THE ORIGINAL COMPLAINT ................................................................................ 15

    A.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN HOLDING THAT APPELLANT ARTHUR'S AMENDED COMPLAINT DID NOT RELATE BACK BECAUSE HE WAS "UNDULY DILATORY" IN ADDING THE UNITED STATES ... 15

    B.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY REFUSING TO SANCTION MAERSK FOR LATE DISCLOSURE OF THE CONTRACT BETWEEN THE UNITED STATES AND MAERSK .................................................................................... 21

CONCLUSION ................................................................................................. 25
CERTIFICATE OF BAR MEMBERSHIP............................................................ 28
CERTIFICATION THAT THE TEXT OF THE E-BRIEF AND HARD COPIES
    ARE IDENTICAL ..................................................................................... 29
CERTIFICATION OF SCAN VIRUS.................................................................... 30
CERTIFICATE OF BAR MEMBERSHIP............................................................ 31
CERTIFICATE OF SERVICE ............................................................................. 32

Accordingly, Appellees Maersk and the United States respectfully request that this Court affirm the holding of the District Court.

>Patrick Meehan
>United States Attorney
>
>Peter Frost
>Senior Admiralty Counsel
>U.S. Department of Justice
>Civil Division, Torts Branch
>P.O. Box 14271
>Washington, D.C. 20042-4271
>
>_____
>A. Robert Degen
>A. Wesley Bridges
>Fox Rothschild LLP
>2000 Market Street, 10th Floor
>Philadelphia, PA 19103
>
>Attorneys for Appellees
>The United States of America and
>Maersk, Inc.

Dated: May 9, 2005