```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

EDWARD ARTHUR                    :        CIVIL ACTION
                                 :
         v.                      :
                                 :
UNITED STATES OF AMERICA         :        NO. 02-2931

<u>ORDER</u>

AND NOW, this 29th day of June, 2006, it is hereby ORDERED that the motion of the United States to transfer this case to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1406 is GRANTED.

---

The United States seeks transfer of this case under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Georgia.  Venue for cases under the Suits in Admiralty Act is governed by 46 U.S.C. App. § 782.  It provides that venue is proper in the district court in which the "vessel...creating the liability" is found.  46 U.S.C. App. § 782.  If, however, the vessel is outside the territorial waters of the United States, venue is proper "in the district court of the United States...in which the parties so suing...reside or have an office for the transaction of business..."  <u>Id.</u>

Plaintiff was injured while onboard the U.S.N.S. <u>Assertive</u>.  At the time he filed the complaint, the <u>Assertive</u> was outside the territorial waters of the United States in Yokohama,

Japan.  Therefore, venue is proper in the United States district court where the plaintiff resides.  The plaintiff lives in Dublin, Georgia.  Dublin is located within the territory of the United States District Court for the Southern District of Georgia.  Accordingly, venue is proper there.

The plaintiff objects to the motion to transfer on the grounds that it is a second motion for reconsideration and barred by defendant's failure to raise venue while on appeal.  We considered the propriety of venue here twice before--both times in the context of a motion to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure.  Transfer, not dismissal, is the appropriate remedy for improper venue under § 782.  See Gipromer v. SS Tempo, 487 F. Supp. 631 (S.D.N.Y. 1980); Orion Shipping & Trading Co. v. United States, 247 F.2d 755 (9th Cir. 1957).  The instant motion does not seek reconsideration of our refusal to dismiss this matter under Rule 12(b)(3).  Likewise, we do not see how failing to appeal our denial of a Rule 12(b)(3) motion to dismiss bars the United States from seeking the proper remedy for improper venue.  We will transfer this case to the Southern District of Georgia, that is where § 782 commands it to be.

BY THE COURT:

/s/ Harvey Bartle III
C.J.